HOESLEY and others, Appellants, v. FOWLER, Respondent.

*December 3, 1958—January 2, 1959.*

For the appellants there were briefs and oral argument by *F. E. Olson* of Darlington.

For the respondent there was a brief by *Johnson & Barnard* of Darlington, and oral argument by *Gilbert F. Barnard*.

FAIRCHILD, J.   The circuit court based its decision upon the clause of the lease which provides that the lease shall continue in force until lessees' failure to comply, service of written notice to comply, and continued failure to comply for thirty days after receipt of notice.  Because no written notice to comply was ever served, the court concluded that the lease, by virtue of the clause referred to, must still be in force in spite of past defaults.

The court found that whatever work defendant had performed from 1947 through 1954 had not fulfilled the requirement that two men be working at least nine months of each year.  The court also found that no work had been performed after 1954.  If the reasoning of the circuit court be correct, lessors' (or their successors') failure to serve written notice to comply was a waiver not only of the lateness of performance of various obligations or of the insufficiency of the

amount of work done by defendant during the years when he performed some operations, but also a waiver of a total failure to perform any work after 1954. We think this broad construction of the provision with respect to written notice is in conflict with the separate clause imposing an obligation upon the lessee to execute a release upon termination of work for any cause whatsoever. If the lessor could never claim that the lease was at an end by reason of termination of work without first serving a notice that the lessee must commence to perform work and giving lessee thirty days in which to start work, then the clause just referred to with respect to termination of work would be meaningless.

We point out that the lease imposes a number of obligations upon the lessee, default in which could readily be cured after service of notice. Failure to perform work during the first two years of the lease could be cured by payment of $25 per month as advance royalty. Failure to pay royalties at the times specified could be cured by late payment. If the lessee fell behind in his duty to keep proper records and the like, he could bring himself into compliance after service of the notice. It is clear that the clause relied upon by the circuit court was intended to prevent forfeiture of the lessee's rights for defaults such as these unless he persisted in them after service of notice. Perhaps it would also prevent forfeiture where he had continued work on the property but failed to meet the standard as to the amount of work to be performed, although it is unnecessary to decide that question here. In view of the separate clause, however, as to execution of a release upon termination of work, we conclude that the clause requiring written notice has no application to that type of failure to perform. It is clear from the findings that defendant did terminate work after 1954. It does not clearly appear that any demand was made on defendant to execute a release before the commencement of this action, but there are no

circumstances to show that the relief sought in this action would be inequitable for that reason.

*By the Court.*—Judgment reversed, cause remanded with directions to enter judgment establishing title of plaintiffs as against any claim of defendant.